**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **Amanda Doughty,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   **vs.** | )   **Case No.: 1:23-cv-1977** |
| | ) |
| **Med-1 Solutions, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Amanda Doughty, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Med-1 Solutions, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 517 U.S. Highway 31 North, Greenwood, IN 46142.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requested that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On September 13, 2023, Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number 23-04049-JMC-7. *See Notice of Bankruptcy attached hereto as Exhibit "2"*.

27. The Plaintiff's bankruptcy petition contained a list of schedules of debts.

28. A Debt to the Defendant was listed on the Plaintiff's Schedule F. Therefore, the Defendant itself was listed as a creditor on the Plaintiff's bankruptcy petition.

29. The Bankruptcy Noticing Center sends electronic notices to entities listed on Plaintiff's bankruptcy petition who have signed up for that service. Defendant is one such entity.

30. On September 14, 2023, the Bankruptcy Noticing Center electronically sent the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to Defendant. *See Exhibit "2"*.

31. The aforementioned Notice of Bankruptcy sent electronically to the Defendant on September 14, 2023, also notifies the Defendant that Plaintiff has retained John Steinkamp & Associates to represent her. Indeed, the notice also includes said attorney's contact information. *See Exhibit "2" attached hereto*.

32. On or about October 11, 2023, Defendant called Plaintiff in an attempt to collect a debt that was included in Plaintiff's bankruptcy case. Defendant left a voicemail message for Plaintiff. *See Exhibit "3" attached hereto.*

33. Defendant was therefore attempting to collect a debt outside of the confines and restrictions of the automatic stay of Plaintiff's chapter 7 bankruptcy case.

34. The Defendant was therefore attempting to collect a debt that it was legally enjoined from collecting directly from Plaintiff.

35. As a result of Defendant's actions, Plaintiff took time out of her day to draft and send a letter to Defendant in which she instructed Defendant to never contact her about the debt at issue in this matter.

36. Plaintiff incurred the cost of postage to send the aforementioned letter to Defendant.

37. As a result of Defendant's actions, Plaintiff had to take time out of her day and made an appointment with her bankruptcy attorney to determine whether the debt at issue in this

matter was included in her bankruptcy case. Plaintiff traveled to her attorney's office to inquire about whether the debt at issue in this matter was included in her bankruptcy case.

38. As a result of Defendant's actions, Plaintiff took time out of her day to obtain and review her credit reports to see whether Defendant had placed the aforementioned debt on her credit reports.

39. As a result of Defendant's actions, Plaintiff had to take time out of her day unnecessarily to review this matter and she had to spend money to send a letter to Defendant instructing Defendant to cease its collection attempts.

40. Defendant's violations are material because, although the unsophisticated consumer, through her attorney, would be informed that her debts were subject to the bankruptcy's automatic stay, Defendant's continued collection communication would make the unsophisticated consumer believe that she did not have the rights Congress had granted her under the FDCPA. Indeed, the FDCPA states that if a debt collector has knowledge of legal representation, then communications must be directed to the consumer's attorney. Here, Defendant sent a letter directly to Plaintiff which constituted an invasion of her privacy. Defendant's actions constituted an intrusion upon Plaintiff's seclusion.

41. Defendant's violations are also material because, although Plaintiff retained counsel for her debts, and was notified of the protections that brought, Defendant's conduct would clearly cause the unsophisticated consumer to question whether she still had the rights and protections that Congress had granted her under the FDCPA.

42. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 42 of the complaint are realleged and incorporated herewith by references.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692c.

3  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com